**\*E-FILED 05-13-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PUNZALAN, NESTOR & REX, individuals,<br><br>    Plaintiffs,<br><br>  v.<br><br>EMC MORTGAGE CORPORATION, a Corporation; LITTON LOAN SERVICING, a Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C11-00936 HRL<br><br>**ORDER (1) GRANTING IN PART DEFENDANT EMC MORTGAGE CORPORATION'S MOTION TO DISMISS; (2) DENYING AS MOOT REQUESTS FOR TELEPHONIC APPEARANCE; AND (3) REMANDING CASE**<br><br>[Re: Docket Nos. 6, 19, 20] |

    Plaintiffs Nestor and Rex Punzalan filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with their home mortgage. The complaint asserts a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as well as several state law claims for relief. Defendant EMC Mortgage Corporation (EMC) removed the matter here, asserting federal question jurisdiction.

    Pursuant to Fed. R. Civ. P. 12(b)(6), EMC, now the sole remaining named defendant,[1] moves to dismiss the complaint. Plaintiffs oppose the motion. All parties have expressly consented that all proceedings in this action may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter is deemed appropriate for determination without oral argument. The May 17, 2011 hearing is vacated, and all requests for

---

[1] Shortly after removal, plaintiffs voluntarily dismissed, without prejudice, the only other named defendant, Litton Loan Servicing, which reportedly was involved in a secondary loan issued in connection with the subject property.

telephonic appearance are denied as moot. Upon consideration of the moving and responding papers,[2] this court grants the motion to dismiss the TILA claim and remands this matter to the state court.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

---

[2] EMC's Request for Judicial Notice is granted. FED. R. EVID. 201.

2

DISCUSSION

A.   TILA Claim

The complaint does not clearly indicate what kind of relief plaintiffs seek under TILA. Assuming, however, that plaintiffs seek both rescission and damages, EMC argues that the complaint fails to state a claim. The court agrees.

   1.   Rescission

The right of rescission under TILA does not apply to a "residential mortgage transaction"—i.e., a loan transaction to finance the acquisition of the borrower's residence. 15 U.S.C. § 1635(e)(1) and § 1602(w); Rivera v. BAC Home Loans Servicing, L.P., — F. Supp.2d —, No. C10-02439, 2010 WL 4916405, *3 (N.D. Cal., Nov. 22, 2010) (Seeborg, J.). Plaintiffs do not deny that the subject loan is a residential mortgage transaction. (See EMC's Request for Judicial Notice (RJN), Ex. 1). Indeed, they fail to address this issue at all in their opposition.

Even if the right of rescission applied, that right expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998); see also King v. California, 784 F.2d 910, 913 (9th Cir.1986) (holding that TILA, section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). Here, the record indicates that the mortgage transaction in question closed on July 14, 2005. The instant lawsuit was not filed until well over five years later. And, "'if the borrower files his or her suit over three years *from the date of a loan's consummation*, a court is powerless to grant rescission.'" Rivera, — F. Supp.2d —, 2010 WL 4916405 at *3 (quoting Miguel, 309 F.3d at 1165)).

Accordingly, to the extent plaintiffs seek rescission under TILA, their claim is dismissed without leave to amend.

3

2.  <u>Damages</u>

To the extent plaintiffs seek damages under TILA, defendant argues that their claim is not properly brought against EMC. EMC further contends that any such claim, even if it could be made, is barred by the applicable statute of limitations.

"TILA allows a plaintiff to seek damages from a 'creditor,' or rescission from an assignee." <u>Marzan v. Bank of America</u>, — F. Supp.2d —, No. 10-00581, 2011 WL 915574 * 5 (D. Hawai'i, Mar. 10, 2011) (Seabright, J.); 15 U.S.C. §§ 1640, 1641(c). TILA does not apply to servicers of a loan. 15 U.S.C. § 1641(f); <u>Manuel v. Discovery Home Loans</u>, No. C10-01185, 2010 WL 2889510 *2-3 (N.D. Cal., July 22, 2010) (White, J.); <u>Pacheco v. Homecomings Financial, LLC</u>, Case No. C08-03002, 2010 WL 2629887, *10 n.5 (N.D. Cal., June 29, 2010) (Fogel, J.).

Plaintiffs do not address this issue at all, except to say that they will explore EMC's purported liability under TILA in discovery. (Opp. at 6). But, they acknowledge elsewhere in their opposition that EMC is the loan servicer. (<u>See</u> <u>id.</u> at 10). Moreover, "'TILA is only a 'disclosure statute' and 'does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction.'" <u>Manuel</u>, 2010 WL 2889510 *2-3 (quoting <u>Hauk v. J.P. Morgan Chase Bank USA</u>, 552 F.3d 1114, 1120 (9th Cir. 2009)). The gist of plaintiffs' allegations as to EMC have nothing to do with the origination of the loan. And, the judicially-noticed documentation suggests that EMC did not become involved in the subject loan until 2010—nearly five years after the loan was consummated. (<u>See</u> EMC's RJN, Ex. 5). The complaint asserts, in conclusory fashion, that EMC nonetheless knew of alleged improprieties in the origination process and benefitted from them. (Complaint ¶ 19). But, there are no facts alleged to support this allegation, or indeed, any facts to support plaintiffs' assertion that EMC can somehow be held liable under TILA. Accordingly, insofar as plaintiffs seek damages against EMC under TILA, their claim is dismissed as to EMC without leave to amend.[3]

---

[3] This court does not reach EMC's alternative argument as to the untimeliness of any TILA damages claim.

4

B.   Plaintiff's State Law Claims

In view of the dismissal of plaintiff's TILA claim (the only asserted basis for federal subject matter jurisdiction) as to EMC (the only remaining named defendant), the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. See 28 U.S.C. § 1367. The matter shall be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## ORDER

Based on the foregoing, IT IS ORDERED that:

1. Insofar as plaintiff seeks to assert a claim for rescission under TILA, their claim is dismissed without leave to amend.

2. Plaintiff's TILA claim is otherwise dismissed without leave to amend as to EMC.

3. This court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

4. This matter is remanded to the Santa Clara County Superior Court.

SO ORDERED.

Dated:   May 13, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:11-cv-00936-HRL Notice has been electronically mailed to:

2  Alyson Marie Dudkowski     adudkowski@AlvaradoSmith.com, spolk@AlvaradoSmith.com

3  Kenneth Raymond Graham     krg@elaws.com

4  Mark Vaughn Asdourian     mark@asdourianlaw.com, mva-esq@pacbell.net

5  Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California